UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY SISONICK ) | Case Number |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| GC SERVICES, LP ) | JURY TRIAL DEMANDED |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Anthony Sisonick, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Anthony Sisonick (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides here and the Defendant transacts business here.

## III. PARTIES

4. Plaintiff, Anthony Sisonick, is an adult natural person residing at 117 Ridgeline Lane, Easton, PA 18045. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, GC Services, LP, at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and has a principal place of business located at 6330 Gulfton Street, Houston TX, 77081.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7. Starting in April 2010, Plaintiff has experienced a series of harassing and abusive calls from the Defendant regarding an alleged student loan debt owed to Sallie Mae.

8. On or around April 22, 2010 the Plaintiff received a call from "Terry", an agent of the Defendant.

9. Plaintiff explained to "Terry" that he was unemployed and therefore would not be able to pay what "Terry" claims is owed.

10. "Terry" told the Plaintiff, "Your social security number is here so we can garnish your wages and take your tax return. The federal government can do pretty much anything they want."

11. Plaintiff has never received a written notice stating their right to be notified of a wage garnishment and an opportunity to be heard, thereby, creating a false sense of urgency that a wage garnishment is imminent.

12. "Terry" asked the Plaintiff condescending and irrelevant questions such as, "How are you surviving with no income?"

13. "Terry" attempted to coerce the Plaintiff into having a friend or family member make a payment from their bank account or credit card on his behalf.

14. "Terry" told the Plaintiff that if he did so then he would qualify for a hardship.

15. "Terry" also told the Plaintiff his social security number is flagged and he would be unable to receive any money associated with it.

16. Numerous times in April 2010 the Defendant placed calls to the Plaintiff's aunt and demanded to know how the Plaintiff could be reached, why he was unemployed and who is helping him pay bills.

17. Plaintiff asked "Terry" on multiple occasions to remove his aunt's phone number from their calling list because she is 78 years old and very sick, but those requests remain ignored.

18. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

19. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

### COUNT I – FDCPA

22. The above paragraphs are hereby incorporated herein by reference.

23. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| § 1692b(3): | Contact of Third Party: Contacted a person more than once unless requested to do so |
| § 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| § 1692d(2): | Profane language or other abusive language |
| § 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| § 1692e(4): | Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment |
| § 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| § 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

WHEREFORE, Plaintiff respectfully requests that this court enter judgment in his favor and against GC Services, LP, for the following:

    a.    Actual damages;

    d.    Statutory damages pursuant to 15 U.S.C. §1692k;

    c.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d.    Such addition and further relief as may be appropriate or that the interests of justice require.

### V.    JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: May 26, 2010

BY: /s/  
Bruce K. Warren, Esquire

BY: /s/  
Brent F. Vullings, Esquire

Warren & Vullings, LLP  
1603 Rhawn Street  
Philadelphia, PA 19111  
215-745-9800   Fax 215-745-7880  
Attorney for Plaintiff